14-2388 (L)
Singh v. Lynch

BIA
Cheng, IJ
A098-244-266/267

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand sixteen.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

AVTAR SINGH, PUSHPINDER KAUR,
        *Petitioners,*

        v.                                          14-2388(L),
                                                    15-883(Con)
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:        Jeffrey E. Baron, Baron & Shelkin, P.C., New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Assistant Attorney General, Justin R. Markel, Senior Litigation

Counsel, Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

In the lead petition, petitioners Avtar Singh and Pushpinder Kaur, natives and citizens of India, seek review of a June 6, 2014 decision of the BIA affirming a July 18, 2013 decision of an Immigration Judge ("IJ") denying their application for withholding of removal. *See In re Avtar Singh, Pushpinder Kaur,* Nos. A098 244 266/267 (B.I.A. June 6, 2014), *aff'g* Nos. A098 244 266/267 (Immig. Ct. N.Y.C. July 18, 2013). In the consolidated petition, petitioners seek review of a February 24, 2015 decision of the BIA denying reconsideration of the denial of their motion to reopen. *See In re Avtar Singh, Pushpinder Kaur,* Nos. A098 244 266/267 (B.I.A. Feb. 24, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

1.  <u>Denial of Application for Withholding of Removal</u>

The lead petition challenges the adverse credibility determination on which the denial of withholding was based. Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

Where, as here, an application is governed by the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The IJ reasonably relied on discrepancies between Singh's testimony and record evidence in finding him not credible.[1] Singh testified that on October 1, 2007, his father's murderers attacked him, and he spent the following three days in the hospital. On cross-examination, Singh confirmed that he did not have to go back for follow-up and did not see the doctor after October 3. A doctor's note, however, stated that Singh "was under [the doctor's] treatment" from October 1 to October 6, 2007. Certified Administrative Record ("CAR") 236. When confronted with this date discrepancy, Singh explained that he "did get examined by" the doctor, in that he went to "get the medicine from him." CAR 165. A reasonable adjudicator would not be compelled to credit this explanation and, thus, the IJ was entitled to reject it. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The IJ further observed that the doctor's note said nothing about Singh's hospitalization and that it was written in English. When pressed on these points, Singh stated that he

_____

[1] Because Singh's wife was a derivative beneficiary of Singh's application for relief, the case therefore turned on Singh's credibility regarding the harm he suffered in India. Accordingly, we here refer to Singh as petitioner for ease of reference.

had no record from the hospital and that doctors give "medicines, prescriptions in English." CAR 168. Again, these were not compelling explanations, particularly because the note said nothing about medicine or a prescription. *See Majidi*, 430 F.3d at 80. Moreover, there was a second date discrepancy: Singh testified that he requested the letter in 2011, but the note was backdated to October 6, 2007. Singh offered no explanation for this discrepancy.

The IJ also reasonably found that Singh's demeanor undermined his credibility. Because an IJ is in the best position to observe an applicant's demeanor while testifying, we accord that finding deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). The IJ observed that Singh was hesitant when cross-examined about the doctor's note and that certain of his other answers were "nonresponsive and sometimes evasive." CAR 49. This finding is supported by Singh's inability to explain the discrepancies between his testimony and the doctor's note. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of

observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

We have considered Singh's various challenges to the adverse credibility determination and find each to be without merit. Accordingly, we deny the lead petition for review.

## 2. Denial of Motion for Reconsideration

The consolidated petition challenges the BIA's denial of Singh's motion for reconsideration of its denial of his motion to reopen. Both motions were based on three newly proffered documents: a letter from Singh's doctor, which Singh claimed would surmount the adverse credibility determination; and an affidavit from his mother and a statement from an administrator at his daughter's school, both of which, he claimed, would demonstrate his *prima facie* eligibility for asylum.

We review both the denial of a motion to reopen and the denial of a motion for reconsideration for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). Although there was some confusion as to whether Singh's supporting documents were timely filed, on the motion for reconsideration

6

the BIA assessed Singh's documents and concluded that, in any event, none warranted reopening. *See* 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."). We identify no abuse of discretion in that decision. With respect to the second doctor's note, Singh failed to explain why this more detailed note regarding his 2007 treatment was not available at his merits hearing in 2013. Accordingly, the BIA did not abuse its discretion in denying his motion to reopen based on this evidence. *See* 8 C.F.R. § 1003.2(c)(1) (providing that motion to reopen "shall not be granted" unless proffered evidence "was not available and could not have been discovered or presented at the former hearing").

Singh also challenges the BIA's rejection of the other two documents. His mother's affidavit attested to ongoing threats from his attacker, Mohinder Singh, and the police. The BIA gave the document limited weight in light of the adverse credibility determination against Singh. This treatment was permissible. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007)

7

(stating that "single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence").

The BIA deemed the school administrator's statement unreliable because it was not sworn, made under penalty of perjury, or notarized. The BIA therefore concluded that it could not "be certain of the declarant's identity, much less the reliability of the substance contained therein." Special App'x 31. The BIA was within its discretion to draw this conclusion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (explaining that weight accorded to documentary evidence lies largely within agency's discretion).

Accordingly, the BIA did not abuse its discretion in denying Singh's motion for reconsideration, and his consolidated petition is therefore denied.

3. Conclusion

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stays of removal that the Court previously granted in these petitions are VACATED, and any pending motion for stays of removal in these petitions is DISMISSED as moot. Any pending request for oral

8

argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court